Applicant, an attorney, was found guilty of constructive contempt of court for failure to appear before a grand jury pursuant to subpoena and was subsequently sentenced to pay a fine of $500.00, or 50 days in jail in lieu of payment, and 130 days in jail with 40 days suspended, and six months probation.
Louisiana law requires the sentencing judge, when imposing sentence for a felony or a misdemeanor conviction, to state for the record the considerations taken into account and the factual basis for imposing sentence. See C.Cr.P. Art. 894.1. We hold that C.Cr.P. Art. 894.1 applies to a sentence given for contempt of court. The trial court has failed to give reasons on the record for the imposition of applicant’s sentence in this case other than general statements that applicant had flagrantly violated the law and willfully disobeyed the subpoenas.
While we realize that the sentencing judge feels strongly about the sentence imposed in this case, as reflected in the per curiam filed with this Court, he has failed to state for the record the factual considerations taken into account and the factual basis for imposing the sentence that he did. For example, the record does not reflect the defendant’s prior record, if any, prior conduct before the court, if any, or any of the other factors mentioned in 894.1(B) that would be relevant to our duty to review the sentence for excessiveness under the Louisiana Constitution.
For these reasons, this case is remanded to the trial court with instructions that he fully comply with C.Cr.P. Art. 894.1 and give the full reasons for imposing the sentence that he did to include, but not limited to, the factors mentioned in 894.1(B).
BROWN, J., dissents with written reasons and would affirm the trial court by denying the writ.